IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JACK GUTTMAN, INC., | ) |
|         Plaintiff, | ) Case No.: C-1-01-800 |
|     v. | ) Judge: Susan J. Dlott |
| KOPYKAKE ENTERPRISES, INC., | ) **DEFENDANT'S ANSWER AND COUNTERCLAIMS TO FIRST AMENDED COMPLAINT** |
|         Defendant. | ) **JURY DEMAND ENDORSED HEREON** |

Defendant Kopykake Enterprises, Inc. (hereinafter "Kopykake") hereby makes the following Answer to the First Amended Complaint filed by Jack Guttman, Inc. d/b/a Bakery Crafts (hereinafter "Bakery Crafts"), and raises the following Affirmative Defenses, and asserts the following Counterclaims to Bakery Crafts' First Amended Complaint.

## ANSWER

### First Defense

1. Answering paragraph 1 of the First Amended Complaint, Defendant Kopykake admits that this is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, but denies that it has committed any acts to give rise to a claim for infringement by Bakery Crafts.

2. Answering paragraph 2 of the First Amended Complaint, Kopykake is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and therefore denies each and every allegation contained therein.

3. Answering paragraph 3 of the First Amended Complaint, Kopykake admits that Kopykake is a California corporation that has a place of business at 3699 W. 240th Street,

1

Torrance, California, 90505. Kopykake admits that it offers for sale in the State of Ohio product(s) accused of infringing the patents in suit, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth therein and therefore denies such allegations.

    4.    Answering paragraph 4 of the First Amended Complaint, Kopykake need not admit or deny the allegations therein as they constitute legal conclusions.

    5.    Answering paragraph 5 of the First Amended Complaint, Kopykake denies the allegations, but admits that on November 20, 2001, United States Letters Patent No. 6,319,530 (the "'530 patent") entitled "Method of Photocopying an Image onto an Edible Web for Decorating Iced Baked Goods" issued, admits that a copy of the '530 patent is attached to the First Amended Complaint as Exhibit "A," and is without knowledge or information sufficient to form a belief as to the truth of the allegation that said patent issued to Bakery Crafts or that Bakery Crafts is the owner of the '530 patent and denies such allegations on that basis.

    6.    Answering paragraph 6 of the First Amended Complaint, Kopykake denies each and every allegation contained therein.

    7.    Answering paragraph 7 of the First Amended Complaint, Kopykake denies each and every allegation contained therein.

    8.    Answering paragraph 8 of the First Amended Complaint, Kopykake denies the allegations, but admits that on June 24, 2003, United States Letters Patent No. 6,582,742 B2 (the "'742 patent") entitled "Method of Photocopying an Image onto an Edible Web for Decorating Iced Baked Goods" issued, admits that a copy of the '742 patent is attached to the First Amended Complaint as Exhibit "B," and is without knowledge or information sufficient to form a belief as

to the truth of the allegation that said patent issued to Bakery Crafts or that Bakery Crafts is the owner of the '742 patent and denies such allegations on that basis.

9. Answering paragraph 9 of the First Amended Complaint, Kopykake denies each and every allegation contained therein.

10. Answering paragraph 10 of the First Amended Complaint, Kopykake denies each and every allegation contained therein.

### Second Defense

11. Bakery Crafts has failed to state facts sufficient to constitute a claim upon which relief may be granted against Kopykake.

### Third Defense

12. Neither Kopykake nor its customers infringe literally or under the doctrine of equivalents any valid claim of the '530 patent or any valid claim of the '742 patent.

### Fourth Defense

13. Any products made, used, sold or offered for sale by Kopykake that are alleged to constitute a material part of the purported inventions of the '530 and '742 patents are not and have not been knowingly especially made or especially adapted for a use that would constitute an infringement of the '530 or '742 patents.

### Fifth Defense

14. Any products made, used, sold or offered for sale by Kopykake that are alleged to be a material part of the purported inventions of the '530 and '742 patents are staple articles or commodities of commerce suitable for substantial noninfringing use.

### Sixth Defense

15.   Kopykake does not and has not knowingly aided and abetted another's infringement or otherwise actively induced infringement of any valid claim of the '530 and '742 patents.

### Seventh Defense

16.   Kopykake further avers that by reason of proceedings in the United States Patent and Trademark Office ("PTO") during the prosecution of the applications which resulted in the issuance of the '530 and '742 patents, as shown by the prosecution histories of said patents and by the contents thereof, and by reason of the cancellation and abandonment of claims and the admissions and other statements made therein by or on behalf of the patentee, Bakery Crafts is estopped from asserting a construction of any claim of said patents that would cover or include any product manufactured, used, sold, or offered for sale, or any method practiced, by Kopykake or any customer of Kopykake.

### Eighth Defense

17.   Kopykake further avers that the '530 and '742 patents are invalid because the patents fails to fulfill the requirements of Title 35, §§ 102, 103, and 112 of the United States Code.

### Ninth Defense

18.   Kopykake avers, upon information and belief, that Plaintiff Bakery Crafts and the individuals associated with the filing and prosecution of the '530 and '742 patents knowingly and willfully failed to disclose to the PTO information known to them to be material to the patentability of the '530 and '742 patents as defined in 37 C.F.R. 1.56, including but not limited to:  a) Bakery Crafts' failure to disclose to the patent office published foreign applications WO

97/27759 and GB 2291838, notwithstanding Bakery Crafts' acquired interest in patents claiming priority from these foreign applications; b) Bakery Crafts' failure to disclose to the patent office Kopykake's Kopy Jet system in light of representations and arguments Bakery Crafts made to the Examiner to distinguish over the cited prior art; c) Bakery Crafts' actual knowledge that others were already publicly using the invention disclosed and claimed in the '530 and '742 patents more than a year before the filing of the applications that resulted in the issuance of the '530 and '742 patents. Bakery Crafts' failure to disclose the foregoing prior art references and uses amounts to fraud on the PTO and renders the '530 and '742 patents unenforceable. Kopykake reserves the right to amend this defense upon discovery in the action of additional evidence.

### Tenth Defense

19.     Bakery Crafts is barred from any relief because it comes before this Court with unclean hands in seeking to enforce the '530 and '742 patents which it knows to be invalid, void, unenforceable, and/or not infringed.

### Eleventh Defense

20.     The PTO Examiner failed to consider pertinent prior art and thus the presumption of validity accorded to patents under Title 35, § 282 of the United States Code is greatly weakened or destroyed with respect to the '530 and '742 patents.

### Twelfth Defense

21.     Kopykake has not done any act or thing and is not proposing to do any act or thing in violation of any rights validly belonging to Bakery Crafts under the '530 or '742 patents, which are invalid and unenforceable, not infringed by Kopykake, and Kopykake is not liable for infringement of either patent.

### Thirteenth Defense

22.     Bakery Crafts' claims against Kopykake are barred or limited, in whole or in part, because Kopykake's business and sales activities constitute lawful competition.

### COUNTERCLAIMS

By way of Counterclaims, Kopykake complains and alleges against Bakery Crafts as follows:

23.     Kopykake brings its Counterclaims for damages, declaratory relief and equitable relief against Bakery Crafts arising out of Bakery Crafts' deliberate and intentional assertion of the '530 and '742 patents in connection with items made, used, sold or offered for sale by Kopykake and its customers. Kopykake seeks a declaration of invalidity, unenforceability, and non-infringement of U.S. Patent Nos. 6,319,530 and 6,582,742 B2.

### THE PARTIES

24.     Kopykake is a California corporation with its principal place of business in Torrance, California.

25.     Bakery Crafts, on information and belief, is an Ohio corporation having a place of business at 9300 Allen Road, West Chester, Ohio 45069.

### JURISDICTION AND VENUE

26.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338. This Court also has jurisdiction over these Counterclaims because they are so related to Bakery Crafts' claims and arise out of the same transaction or occurrence as to constitute the same controversy under Article III of the United States Constitution, such that the Court may exercise supplemental jurisdiction under 28 U.S.C. § 1367(a).

27. Venue is proper in this District for purposes of these Counterclaims because Bakery Crafts invoked this Court's jurisdiction in its Complaint and has asserted that it resides in this Judicial District.

28. Kopykake has been in the business of manufacturing and selling cake decorating equipment since at least 1970.

29. Kopykake makes, uses, offers for sale and sells a computerized system and other equipment and supplies for applying photographic images and/or other artwork and text to an edible Frosting Sheet, which may thereafter be applied to a food article such as a cake.

30. Kopykake has a reputable and well-established business, and an important customer base with both domestic and international accounts.

31. Kopykake's products travel in interstate commerce.

## FIRST COUNTERCLAIM
### (Declaratory Judgment for Noninfringement, Invalidity and Unenforceability of the '530 Patent)

32. Kopykake realleges and reasserts its allegations set forth in paragraphs 1-31 as though fully set forth herein.

33. By its First Amended Complaint, Bakery Crafts alleges, *inter alia*: (1) that it owns the entire right, title and interest in and to U.S. Patent No. 6,319,530 (the "'530 patent"); (2) that said patent was "duly and legally issued" to Bakery Crafts; and (3) that Kopykake has infringed and continues to infringe, directly and by active inducement, the '530 patent. An actual controversy thus exists between Bakery Crafts and Kopykake as to whether the '530 patent is infringed, validly issued, and enforceable.

34. By this counterclaim, Kopykake seeks, and is entitled to, a judicial declaration pursuant to 28 U.S.C. §§ 2201 *et seq.* that Kopykake has not infringed the '530 patent, and that said patent is invalid, void, and unenforceable.

35. Kopykake contends that the '530 patent is invalid for failure to comply with the requirements of 35 U.S.C. §§ 102, 103, and 112.

36. Kopykake contends that the '530 patent is void and unenforceable by reason of statements, representations, omissions, admissions, arguments, and/or amendments made by or on behalf of the applicant during prosecution of the '530 patent before the U.S. Patent and Trademark Office (the "PTO") that include, but are not necessarily limited to, the following: a) Bakery Crafts' failure to disclose to the patent office published foreign applications WO 97/27759 and GB 2291838, notwithstanding Bakery Crafts' acquired interest in patents claiming priority from these foreign applications; b) Bakery Crafts' failure to disclose to the patent office Kopykake's Kopy Jet system in light of representations and arguments Bakery Crafts made to the Examiner to distinguish over cited prior art; c) Bakery Crafts' actual knowledge that others (including but not limited to Halepaska's Fine Cakes in Victoria, Texas) were already publicly using the invention disclosed and claimed in the '530 patents more than a year before the filing of the application that resulted in the issuance of the '530 patents.

37. Kopykake seeks, and is entitled to, a judicial declaration pursuant to 28 U.S.C. §§ 2201 *et seq.* that the '530 patent is invalid, void, unenforceable, and not infringed, directly, by inducement or otherwise.

## SECOND COUNTERCLAIM
## (Declaratory Judgment for Noninfringement, Invalidity and Unenforceability of the '742 Patent)

38. Kopykake realleges and reasserts its allegations set forth in paragraphs 1-37 as though fully set forth herein.

39. By its First Amended Complaint, Bakery Crafts alleges, *inter alia*: (1) that it owns the entire right, title and interest in and to U.S. Patent No. 6,582,742 B2 (the "'742 patent"); (2) that said patent was "duly and legally issued" to Bakery Crafts; and (3) that Kopykake has infringed and continues to infringe, directly and by active inducement, the '742 patent. An actual controversy thus exists between Bakery Crafts and Kopykake as to whether the '742 patent is infringed, validly issued, and enforceable.

40. By this counterclaim, Kopykake seeks, and is entitled to, a judicial declaration pursuant to 28 U.S.C. §§ 2201 *et seq.* that Kopykake has not infringed, directly, by inducement, or otherwise, the '742 patent, and that said patent is invalid, void, and unenforceable.

41. Kopykake contends that the '742 patent is invalid for failure to comply with the requirements of 35 U.S.C. §§ 102, 103, and 112.

42. Kopykake contends that the '742 patent is void and unenforceable by reason of statements, representations, omissions, admissions, arguments, and/or amendments made by or on behalf of the applicant during prosecution of the '742 patent before the PTO that include, but are not necessarily limited to, the following: a) Bakery Crafts' failure to disclose to the patent office published foreign applications WO 97/27759 and GB 2291838, notwithstanding Bakery Crafts' acquired interest in patents claiming priority from these foreign applications; b) Bakery Crafts' failure to disclose to the patent office Kopykake's Kopy Jet system in light of

9

representations and arguments Bakery Crafts made to the Examiner to distinguish over cited prior art; c) Bakery Crafts' actual knowledge that others (including but not limited to Halepaska's Fine Cakes in Victoria, Texas) were already publicly using the invention disclosed and claimed in the '742 patent more than a year before the filing of the application that resulted in the issuance of the '742 patent.

43.     Kopykake seeks, and is entitled to, a judicial declaration pursuant to 28 U.S.C. §§ 2201 *et seq.* that the '742 patent is invalid, void, unenforceable, and not infringed, directly, by inducement or otherwise.

WHEREFORE, Kopykake requests that this Court enter judgment in favor of Kopykake and against Bakery Crafts as follows:

A.     That the Complaint be dismissed with prejudice;

B.     That all legal and equitable relief sought in the Complaint be denied;

C.     As to Count One of its Counterclaim, that U.S. Patent No. 6,319,530 be declared invalid and unenforceable against Kopykake, and not infringed, directly, by inducement, or otherwise, by any product or method made, used, sold, or offered for sale by Kopykake;

D.     As to Count Two of its Counterclaim, that U.S. Patent No. 6,582,742 B2 be declared invalid and unenforceable against Kopykake, and not infringed, directly, by inducement, or otherwise, by any product or method made, used, sold, or offered for sale by Kopykake;

E.     That Kopykake be awarded damages in an amount to be proved at trial, along with costs and prejudgment interest;

F.     That this case be declared exceptional under 35 U.S.C. § 285 for the purposes of awarding Kopykake its attorney's fees and costs upon prevailing in this action; and

G.   That Kopykake be granted such other and further relief as this Court may deem just and proper.

### JURY DEMAND

Defendant Kopykake hereby respectfully demands trial by jury on all issues so triable in this action.

Respectfully submitted,

KOPYKAKE ENTERPRISES, INC.

Dated: November 17, 2003

/s/Todd H. Bailey
_____
Todd H. Bailey
GREENEBAUM DOLL & MCDONALD PLLC
2800 Chemed Center
255 East Fifth Street
Cincinnati, Ohio  45202
513-455-7637  Telephone
513-762-7937  Fax

Robert G. Krupka
Laura M. Burson
KIRKLAND & ELLIS, LLP
777 S. Figueroa Street
Los Angeles, CA  90017
213-680-8400 Telephone
213-680-8500 Fax

Luke L. Dauchot
KIRKLAND & ELLIS, LLP
200 East Randolph Drive
Chicago, Illinois 60601
312-861-2000 Telephone
312-861-2200 Fax

Attorneys for Defendant
Kopykake Enterprises, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2003, I electronically filed *Defendant's Answer And Counterclaims To First Amended Complaint* And *Jury Demand* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Theodore R. Remaklus (0061557)
Kurt L. Grossman (0009697)
Brett A. Schatz (0072038)
WOOD, HERRON & EVANS, L.L.P.
2700 Carew Tower
441 Vine Street
Cincinnati, Ohio 45202
Telephone:   (513) 241-2324
Facsimile:   (513) 421-7269


By__/s/Todd H. Bailey_____
   Todd H. Bailey
   Attorney for Defendant
   Kopykake Enterprises, Inc.