IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JACK GUTTMAN, INC., :
:
      Plaintiff(s) :
:
vs. : Case Number: 1:01cv800-SJD
:
KOPYKAKE ENTERPRISES, INC., : District Judge Susan J. Dlott
: Magistrate Judge Timothy S. Black
      Defendant(s) :

ORDER

This matter is before the Court upon the submission of discovery plans pursuant to Fed. R. Civ. P. 26(f). The Court has reviewed the plans proposed by the parties and hereby sets the following schedule:

1.     Deadline for joining other parties and amendment of the pleadings has already passed.

2.     The Court orders the parties to file and serve the following disclosures[1]:

    A.     Patent Claims: No later than June 21, 2004, plaintiff shall file and serve a disclosure, listing each claim of the patents-in-suit that plaintiff contends have been infringed by defendant's products and the identity of the accused item alleged to infringe each such claim.

    B.     Prior Art: By July 12, 2004 defendant shall file and serve a disclosure of all prior art that it contends invalidates any patent-in-suit, identifying the claim or claims allegedly invalidated. Defendant may limit its disclosure to those claims identified by plaintiff in response to Paragraph A hereof.

    C.     Chart Disclosing Claims and Defenses: The parties shall collaborate in preparing a comprehensive chart identifying the following information: (1) all claims of each patent-in-suit that plaintiff will contend at trial have been infringed; (2) all items that plaintiff accuses of infringing each such claim; comparing the accused

---

[1] Each party shall make the disclosures ordered based on information then reasonably available to it. A disclosure may be supplemented or amended upon a showing of good cause. The parties shall be bound at trial by their disclosures.

item to each element of each claim and disclosing whether infringement is literal or by equivalents; (3) all reasons for noninfringement and defenses asserted by defendant in response to each charge of infringement. The parties shall endeavor to set forth their contentions as completely as possible, but may amend or modify the disclosures in the chart for good cause shown. The chart, along with a stipulation as to its accuracy, shall be filed no later than July 30, 2004.

3. Dates to exchange lists of expert witnesses
and furnish copies of expert reports[2]
        Party with burden of proof        01/03/2005
        Opponent        02/01/2005

4. Discovery cutoff        03/01/2005

5. Advice of Counsel: No later than December 6, 2004, defendant shall file and serve a written election as to whether it will assert advice of counsel as a defense to the allegation of willful infringement. Such an election will waive the attorney-client privilege otherwise applicable to advice of counsel and will require prompt disclosure of all written opinions embodying such advice. The parties may thereafter pursue this issue by discovery.

6. Resolution of Claim Construction Issues. In light of the decision in *Markman v Westview Instruments, Inc.*, 116 S. Ct. 1384 (1996), the court establishes the following procedures for resolution of the claim construction issues in this case:

    A.    The parties shall collaborate in preparing a comprehensive statement of all claim construction issues for each claim identified in the chart described in Paragraph (c) above, to be filed no later than September 10, 2004.

    B.    Plaintiff shall file its brief on claim construction issues no later than September 27, 2004.

    C.    Defendant shall file its brief no later than October 25, 2004.

    D.    A *Markman* hearing will be conducted at 10:00 a.m. on November 8, 2004.

---

[2] The expert reports required by this Court shall comply with Fed. R. Civ. P. 26(a)(2) (as amended December 1, 1993).

Each *Markman* brief, which shall not exceed 20 pages in length without prior leave of Court, shall address the following issues:

the party's proposed construction for each disputed claim identified in the comprehensive statement, including an identification and definition of any terms of art, technical terms, and terms which the party contends are used contrary to their normal usage in everyday language;

in the case of any disputed claim that contains "means plus function" language, an analysis in accordance with 35 U.S.C. § 112 (paragraph 6) of the structure described in the specification and the range of equivalents asserted by the plaintiff;

the party's definition of the person of ordinary skill in the relevant art for each patent-in-suit;

the party's evidence, authorities and arguments supporting its position on each disputed claim construction issue;

a statement whether the party contends that the disputed issue is susceptible to resolution by summary judgment without the taking of evidence; and

an identification and description of all extrinsic evidence, including expert witness testimony, if any, that the party proposes to offer at any hearing addressed to claim construction issues.

7. Last date to file dispositive motions not directed to the pleadings. (E.g. summary judgment motions)   03/14/2005

   Memoranda contra due   04/04/2005

   Reply Memoranda due   04/14/2005

(These dates apply to any summary judgment motions filed on the last date allowed; dispositive motions filed earlier in the case shall be treated in accordance with S.D. Ohio L. R. 7.2).

8. Date to file joint proposed final pretrial order   05/05/2005

9. Final Pretrial Conference to be held at 10:00 a.m.   05/13/2005

10. Trial to a Jury for 10 days commencing at 9:30 a.m.   06/06/2005
    In accordance with S.D. Ohio Civ. R. 37.1, objections, motions, applications and requests

relating to discovery shall not be filed with the Court by any party, unless counsel has first exhausted, among themselves, all extrajudicial means of resolving their differences. After said means are exhausted, then, in lieu of filing a motion under Rules 26 and 37 of the Federal Rules of Civil Procedure, counsel must notify the Court seeking a conference.

All discovery shall be requested by the discovery cutoff date. Parties who undertake to extend discovery by agreement beyond the cutoff date without Court approval do so at the risk the Court may not permit its completion prior to trial. Counsel shall keep the Court currently advised of the status of discovery in this case and promptly bring to the Court's attention any discovery disputes requiring court resolution.

This Court has an additional condition to S.D. Ohio Civ. R. 7.2(a)(3). Any brief and/or memoranda in support of or in opposition to any motion in this Court shall not exceed twenty pages without first obtaining leave of Court. A motion for leave must set forth the reasons excess pages are required and the number of pages sought. If leave of Court is granted, counsel must include: (1) a table of contents indicating the main sections of the memorandum, the arguments made in each section, and the pages on which each section and subsection may be found; and (2) a succinct, clear, and accurate summary not to exceed five pages of the principal arguments made and citations to the primary authorities relied upon in the memorandum. The parties shall provide an appendix including copies of all out-of-state decisions and all unpublished decisions. All briefs and memoranda shall comply with the formal requirements of S.D. Ohio Civ. R. 7.2.

In an effort to encourage settlements, the Court may schedule a settlement conference at any time. Counsel also may request that a conference be scheduled at any time when it appears such a conference would be fruitful. Each counsel will be required to prepare and submit a letter

no longer than five pages to the Court one week prior to the conference with a synopsis of the case and the status of any settlement negotiations to date. These letters are ex parte and should not be filed with the Clerk's Office nor exchanged with opposing counsel.

Attorneys attending settlement conferences must bring the party or a principal with full settlement authority. By full settlement authority, the Court means the person or persons attending must have the authority independently to make necessary financial and settlement decisions.

The attention of counsel is called to amendments to the Federal Rules of Civil Procedure which became effective December 1, 1993, particularly with respect to expert reports.

IT IS SO ORDERED.


          ___s/Timothy Black_____
          Timothy S. Black
          United States Magistrate Judge